Case which is number 22-14-22 Vano Kaisha IP Bridge 1 v. Micron. Okay, Mr. Davis. Yes, Your Honor, may I please the court? The sole issue on appeal here is one of claim construction. Whether the term memory storage portion requires access circuitry, and particularly in the context of DRAM, which is the sole basis for each and every one of the grounds below, whether a transistor is required to be part of that memory storage portion. If so, Micron concedes that reversal here is appropriate, and the 041's claims should be upheld. You agree that the transistor itself doesn't do any storage, right? On its own, yes, Your Honor, it does not. It is in conjunction with the capacitor in the context of a DRAM that the two of them together perform the storage. Because the specification equates that term memory storage portion with the term memory cell portion, and in the context of a DRAM the memory cell portion includes and requires a transistor, a reversal here is appropriate. Just so I understand, in your view, in the context of this patent, memory storage portion is coextensive with memory cell portion? Yes, Your Honor, memory cell portion through each of the IE statements. Coextensive, right? Okay, and those two terms are likewise coextensive with memory storage region? Yes, Your Honor. Okay. Why would a patent drafter make up all these different terms and then force us to conclude that they all actually just mean the same thing? Why wouldn't the more logical way of reading the patent be when a patent drafter makes up a bunch of terms that suggest they actually have different meanings? Because, Your Honor, the usage of that IE is what's critical here. As the court has recognized in Rembrandt v. Samsung, the usage of IE. It doesn't seem to really answer that question as to why you would use memory storage portion when you meant memory cell. Your Honor, they're equated in the specification. So every time you define anything in the specification, that definition is what is supposed to then govern. That IE language is what defines memory storage portion to be a memory cell portion. Yeah, but your cases don't support you on that. What comes after the IE defines what comes before rather than the other way around. Your Honor, I would disagree respectfully because they're equated. It should be the same in both directions. And I think in general what's required here is we should be looking at this issue in the context of the whole patent. Those two terms are equated twice. And on either side of that equal sign, the terms would mean the same thing. Read in context of the patent, they're talking about a memory cell portion. They say IE, a memory storage portion. And then in the claims, they recite the memory storage portion. So read in order, it even makes sense there as well in the context of the whole patent. That is how they decided to claim the memory storage portion. They set that definition out in the specification a couple different times. And that is what it should govern, particularly because it's consistent with the rest of the specification here. I don't know if I can agree that it's consistent with the rest of the specification because there's other portions of the specification that seem to be using this term, memory storage portion, to describe a storage element like a capacitor. In fact, the specification seems to be very capacitor-centric in terms of thinking about what we're trying to protect from copper atom diffusion and specifically not just the capacitors but the charges, i.e., the information that the capacitors are storing. And so in that way, there are aspects of this specification that are really tying the term memory storage portion to the capacitors, i.e., the storage elements themselves, as opposed to some broader region of a semiconductor device that includes not only capacitors but also transistors. I think you're referring to a couple different portions of the specification, Your Honor. I'll kind of try to address each of them. Right. Well, there's the paragraph, column three, right, the first full paragraph, where it looks like the specification is about to become, about to provide some lexicography as to how it's going to attempt to use the term memory storage portion. And it stores information. It's of the type that stores information corresponding to the presence-slash-absence of charges. And then it says, of course, its invention's not limited to this, but then it goes right back to talking about various memories that hold charges. And so, again, this paragraph leads one to start thinking very much in a focused way about the capacitors themselves, the storage elements themselves that are holding the bits of information in a broader semiconductor device. Your Honor, focusing in on that paragraph starting around line 25, it says the DRAM stores 1-bit information according to the presence-slash-absence of accumulated charges in the capacitor provided for each transistor. The capacitor alone doesn't control the presence or absence of that charge. It's the transistor that controls it. Without the transistor there, all the charge leaves the capacitor. So it can't store any information. It can't act as memory. The transistor is required to be part of that. It then goes on to say more specifically in the DRAM, capacitors in a memory cell portion, i.e., in the memory storage portion. That i.e. there is one of the critical i.e.s I was referring to before. But were the patentee to have meant that it's the capacitors that are the memory storage portion, you'd have to delete the second in in that phrase. It would have to read capacitors in a memory cell portion, i.e., the memory storage portion. But it doesn't say that. That in after the i.e. is what ties that memory cell concept to the memory storage portion concept. It's not the capacitors alone. It is that memory cell as a whole. And throughout the specification, that memory cell as a whole is described as having, in the context of DRAM, both a transistor and a capacitor. What about the abstract? The abstract is short, and it uses both terms, memory storage region and memory cell portion. And it suggests that these two things are not the same thing. One is used in the first sentence, and the other is used in the second sentence. It would be hard for a reader to read this abstract and think that these two terms are identical. We don't read the abstract in isolation. We read it in the context of the rest of the specification. And in column 7, lines 1 to 7, it says memory cell portion, i.e., memory storage region. So it does equate the two. But that concept is, those are related concepts. Those are used interchangeably there. They're talking about avoiding diffusion into a memory storage region. And then more specifically, they talk about how to do that. You protect the entire memory cell portion. You protect the entire memory cell, which has both a transistor and a capacitor. And, Jan, I think you had referenced another portion of the specification. Column 5, right? Yeah, column 5, lines 35 or so, where there is a word as there. It says high-density capacitors can be used as memory cells. That word as is the only instance that they can point to in the entire specification where they can say, all right, well, a capacitor, therefore, is a memory cell. But look at the rest of the context of that paragraph. It's talking about DRAM. And I believe it's undisputed between the parties that in DRAM, a memory cell has both a transistor and a capacitor. But this paragraph seems, again, to be capacitor-centric, memory storage portion for accumulating and releasing charges. The DRAM accumulates and releases the charges in and from capacitors so as to store the one-bit information per capacitor. By providing the copper diffusion-preventing film, the conveniently formed high-density capacitors can be used as memory cells. So, you know, I mean, I grant you these IEs are a little confusing, but, you know, overall, I don't think this patent is a model of clarity, and there's still enough in here for the board to have concluded fairly reasonably that whatever memory storage portion means, it can be just the storage element itself but doesn't necessarily preclude other components, such as a transistor, from also being encompassed by the term memory storage portion. A couple points, Ron. As you're reading through that paragraph from Column 5, it's talking about what's accumulating and releasing the charges. What is doing that? It's undisputed that's the transistor. The capacitor itself can't do that. And without the transistor, you can't store memory. You can't store information. Referring, Your Honor has brought up the issue of what is the purpose of the patent, I'll direct the Court to Column 4, Lines 1 to 4. There it's talking about every part of the wiring portion cannot literally lead to any part, any part of the memory storage portion without passing through, and then it summarizes the blocking means used there. It's referring to not just the capacitors but any part of the memory storage portion, which is going to be both the transistors and the capacitors. As this Court has recognized, both in Rembrandt v. Samsung as well as Interpol licensing v. AOL, that usage of the IE is important, particularly in patents and particularly when you juxtapose it against EGs, which are also used in the specification. The applicants and the patentee did not mean that as an example, as Micron would argue. They didn't use the EG signal. They used the IE instead. This patent's expired, right? Yes, Your Honor.  Is it being asserted against anyone else other than Micron? I believe the only live litigation, Your Honor, is the Micron one, and that has stayed pending this appeal, Your Honor. What was the construction that you requested for the board? The construction that we had requested was also the construction that the district court adopted was memory storage portion is a portion of a semiconductor device that includes at least a storage element, e.g. a capacitor, an access circuitry, e.g. a transistor that together form a memory. And the particular issue here is limited to DRAM, but that's the only basis they have in every one of the grounds below. And then DRAM, the structure that would be those two components are a capacitor and a transistor. If there aren't any further questions, Your Honor, I'll reserve the remaining time for rebuttal. Okay. Thank you, Mr. Davis. Mr. Manis. May it please the court, Robbie Manis for Micron. The board's construction is correct. The term memory storage portion, consistent with its focus on storage, it's necessary and sufficient for a storage element alone to read on that. If the claims had said memory cell portion instead of memory storage portion, do you agree that the patent owner's proposed construction would be correct? No, we don't. And that's because at column 5, lines 37 to 38, the patent states that high-density capacitors can be used as memory cells. The figures talk about memory cell portion through and through and illustrate how the memory cell portion 30 includes an entire region that has both capacitors and transistors. Well, hearkening back to your questions and Judge Dyke's questions, it would be surpassingly odd to use those different terms if they were coextensive. There would need to be a very explicit... I've got a hypothetical here, which is what if the claims had just said memory cell portion and did not say memory storage portion? And the written description did not mention the term at all. Memory cell portion? No, the alternating usage between memory cell portion and memory storage portion and all these different terms. That's what I'm drawing upon. It indicates a difference, but... If it consistently used memory cell instead of memory storage portion, you'd agree, right, that the patent use construction was correct? No. Even if we scrubbed out all this language that's confusing and they've been clear and consistent that they were talking about a memory cell. So, no, because of column 5, line 7. No, but you're fighting the hypothetical. No, I don't think I am, but sorry. That portion, that column, doesn't mention the term memory storage portion. It only mentions memory cells, and it says capacitors can be used as memory cells. So even if that's the only term used, memory cell, even then the patent states that a capacitor suffices. So I'm not rejecting the hypothetical. What if we deleted that sentence from the spec 2? What's that? What if we deleted that sentence from the spec 2, and then all we have are all these references? The memory cell portion, the written description, and all the figures that talk about memory cell portion 30, which encompasses a big region of the semiconductor device that has both capacitors and transistors. If you pare back all context from the patent that's relevant here, I agree that they have a much easier time making their argument. I do want to point, though, to one thing that is a piece of context that doesn't rely on this confusing usage issue, and that's sort of twofold. It's one, it's the column 1 to column 2 disclosures where it's talking about the purpose of the invention and making clear that the purpose is to prevent copper from getting into the capacitors. So column 1 starting at line 35 all the way to column 2 line 8 sets up this background problem in the art that's solved by the prior art, which is copper gets into the active region or the active layer, which is undisputedly where the transistors are, but not where the capacitors are. And it says these prior art methods solve that problem. It prevents copper diffusion from getting in there. Then starting at column 2 line 9 it says, but that's not enough in the modern day because as these devices have shrunk, there's a new problem of copper diffusion, and that's copper getting into the capacitors, which again undisputedly aren't part of the active region, and that's why the prior art methods don't address this problem. They don't help the capacitors because they're not focused on that issue. And so that column 2 is quite explicit. The problem is copper getting into the capacitors. It says on line 40 to 42 the capacitors are destroyed even when the above-mentioned conventional ledgers are taken. And I can't help but note that IQBridge's opening brief says, quotes this as, memory storage portions are destroyed even when the above-mentioned conventional ledgers are taken. Well, that gives away the game because if capacitors are memory storage portions or memory cell portions, then that just is the board's reading in this case. The other thing that just I think is pretty striking is if you look at appendix 86, that's figure 22, which is the figure that column 2 is describing. It has the symbol for copper as CU, and it has that symbol, and all the arrows drawn from copper wiring 116 lead directly to the capacitor 112. They don't go anywhere else. It's all going straight to the capacitor. So clearly the capacitor is the focus of this invention, and protecting the capacitor is the focus of this invention. I want to return though to the actual claim language we have here, which is memory storage portion. I just want to point out that there's sort of two main interrelated defects with IQBridge's reading. First, it gives short shrift to the word storage in memory storage portion, and then it proves way too much by fixating on the word memory in memory storage portion. And so we heard from opposing counsels in their briefs at 29, 32, 42 of their opening brief. Their whole claim language argument reduces to the idea that a capacitor alone can't act as memory. It can't form memory. It can't function memory. In short, a capacitor isn't memory, and you need access circuitry to have a memory. Well, that runs headlong into this first problem, which is the claim isn't drawn to a memory. It nowhere recites a full-blown memory. It recites a memory storage portion, and it's undisputed as to DRAM that a capacitor is where information is stored. It's the location, but also the thing that stores. And my friend on the other side indicated that, tried to hedge this a bit and say, well, the capacitor is involved, and maybe access circuitry is also involved in storage. But their expert conceded at 17, 37 to 38 that the capacitor is what's stored. The transistor is what transfers the data. Similarly, at their brief at 31, they admit that they say the board's error is construing the term to focus on what stores as opposed to other components like access circuitry. So it's conceded that this capacitor is what stores, and that's what the claim focuses on. And then the second issue is this proving too much problem. They have this arbitrary line drawing problem. If everything that's required is, you know, everything that's needed for a memory, well, then why draw the line at a storage element and access circuitry? And they try to hide behind this principle that the court doesn't need to construe the claims to its outer boundaries, just the disputed hand. They can't hide behind that principle because as the opposing counsel just admitted, they've offered the same construction in the district court and here. And in the district court, if everything that's required for a memory is a memory storage portion, Micron doesn't infringe. So they can't have it both ways. They can't offer an argument that would prove so that we wouldn't infringe, and then also here try and say, well, you don't have to decide the precise parameters of this claim term. Can you get to the IE statements in the written description? I know there have been times where we've read prior patents and seen the term IE as a signal in a written description as providing the meaning of a term that comes before the IE. Why isn't that true here? So to be crystal clear, every single case they've cited and every single case I'm aware of that uses IE simply says that the term on the left is defined by the thing on the right. The narrower term on the left is defined by the broader term. That's made abundantly explicit in the SkinMedica case as we laid out in our brief. But Edwards Life Sciences, even the AOL interval licensing case they cite in their reply brief which talks about EG, it all makes the same point. It's a Rembrandt, the same. So, and this goes precisely to the surpassing oddity we were talking about before. Why would you use IE if it's just coextensive both ways, if it's an equal sign like the opposing counsel said, because then you wouldn't have varied usage. And the reason is because you can say something like pigeons IE birds. Pigeons are a type of birds. A bird that is a pigeon. It doesn't mean that they're totally coextensive in both directions. It just means one is elaborating on the other. And so that sort of solves this riddle of why there's this different usage. And if the patentee had wanted to claim a memory cell portion or whatnot, they could have written the claims in those ways. This is just like the Acumet case where the claim transversals weren't limited to the described perpendicular holes. Here the claimed memory storage portion shouldn't be limited to a memory cell portion or whatever other term exists in the patent. Varied usage represents breadth, not limited definition. And I just want to make this one last point that I think is important on this sort of necessity argument they have. They say, well, what's required is what's necessary for a memory. I just want to be clear about two reasons why that argument can't obtain. One's conceptual. And that's the point that many things may be required for something else, but that doesn't mean that the former needs to be included in the latter. So, for example, a door is required for a door lock to lock a door. But that doesn't mean you need a door to have a door lock. If I go to the hardware store and ask for a door lock, they're going to direct me to door locks that are sold separately and apart from doors. In fact, I'd be kind of annoyed if they directed me to a full-blown door and tried to do some sort of convoyed sale. It's a perfectly natural usage of a term to, you know, there might be necessary elements for it to work, but that doesn't mean that you must include those in the term itself. And then the second point is legal. It's just black-letter law that you don't read things into a claim just because they're necessary for an operative or working device. This whole argument can't get off the ground given that legal principle. And as discussed, where they draw the line is absolutely arbitrary. Can you go back to why the door lock door example helps you here on the facts of this case? I got lost. Oh. Just because a memory storage...  as I understand the other side's argument, everything that's necessary for a memory must be included in memory storage portion. And that just is counter to the ordinary usage of language. We're saying all that's required is a storage element. And yes, we agree, you know, it may be necessary for a functional memory to have access circuitry and tons of other things. It may even be necessary to successfully store information within the capacitor. But it's still undisputed that the capacitor is the thing that's stored and where location is stored. So it's just like a door lock going to the hardware store. Or yet another example in which an analogy confuses things rather than clarifies them. Well, I think I didn't tee it up well enough, so maybe if I'd given my preface beforehand, Judge Chen wouldn't have been as confused. Sorry, I'm kind of sleepy, so maybe that's the problem. If there's no further questions here, I'm happy to answer any on the written description or the claim language. But otherwise, we would ask that the board's decision be affirmed. Thank you. Mr. Davis. Yes, Your Honor, may I please the court? I do want to start off with the inconsistencies in Micron's positions. Micron's petition here, this is at appendix 200 to 201, said the OPR1 patent recognizes that a memory circuit is synonymous with the claimed memory storage portion. They're equivalent, citing to column seven, lines one to five. Citing to that same IE sentence that we've been pointing to before, now that they've seen the error in their ways, they couldn't find any prior art that had a copper diffusion blocking means that surrounded the entire memory cell, that surrounded the entire memory storage portion. They're trying to pivot on what they told the board at the very outset of this proceeding. In fact, if you go through the petition, they have that same figure that they're referencing from the patent. They draw a red dotted box around the entire memory storage portion each time, the entire memory cell portion, saying that's the memory storage portion. That is the portion that is supposed to be protected, and yet when they look at their prior art, it's just not there. They don't have it. I do want to hearken back to a point that opposing counsel seems to be referencing, which is a misinterpretation of the claim language, which the board made, and I believe is undisputed. The board adopting Micron's argument said, memory storage portion, by its very words, requires only the portion of a memory that stores. But when read in the context of the entire claim, that word portion is referring to portions of the claim device, not a portion of the memory that stores, which is what Micron is hinging its argument on. That's at appendix nine. This issue of column five, lines 37 to 38, came up again, that use of the word as, that opposing counsel would like to focus on. You have to read that sentence in the context of the rest of that paragraph, which is talking about DRAM, where there's both transistors and capacitors required in their memory cells, and in the context of the rest of the specification, where it repeatedly says, capacitors of a memory cell portion, capacitors in the memory cell portion, having memory cells including capacitors. Capacitors are not the only thing in the memory cells. It is the transistors as well that are required, and that's why each and every one of petitioner's grounds fails. For that reason, we ask you to reverse the findings below. Okay, thank you. Thank you, Your Honor. Thank you, Judge Counsel. Case is submitted. That concludes our session for this morning.